# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID JOSEPH SPIESS, <br><br> Defendant. | 8:19CV367 <br><br> ORDER |

## STIPULATED PERMANENT INJUNCTION

On August 23, 2019, Plaintiff Charles Schwab & Co., Inc. ("Schwab") filed the Complaint in the subject action against Defendant David Joseph Spiess ("Defendant") requesting injunctive relief to preserve the status quo pending an arbitration hearing on permanent injunctive relief before FINRA Dispute Resolution pursuant to FINRA Rule 13804.

To resolve the issue of injunctive relief in an economical, mutually-satisfactory manner, Schwab and Defendant agree to the Court's entry of a permanent injunction as follows, and that the permanent injunction shall constitute a final judgment solely on Schwab's request for injunctive relief against Defendant in the related arbitration.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Through and including March 1, 2021, Defendant is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any agent, employee, officer or representative of any post-Schwab employer: from soliciting any business from, or initiating any further contact or communication with, any Schwab client whom he serviced at Schwab, and/or any Schwab clients whose identities he

learned as a result of being a registered representative of Schwab (the "Client(s)"), including for the purpose of advising any Clients of any new employment or for the purpose of inviting, encouraging, or requesting the Client to divert business from Schwab (excluding members of Defendant's immediate family and any Clients who have signed account transfer forms for the purpose of being serviced by Defendant at another financial services firm);

2. Defendant is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of any employer, from:

- a. using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Clients, the information contained in the records of Schwab, or other information pertaining to Clients, including, but not limited to, the names, addresses, email addresses, telephone numbers, personal data and financial information of the Clients (excluding members of Defendant's immediate families and any Clients who have signed account transfer forms for the purpose of being serviced by Defendant at another financial services firm), even if such information is or was recreated by Defendant in whole or in part from memory;

- b. destroying, erasing or otherwise making unavailable any records or documents (including data or information maintained in computer files or other electronic storage media) in Defendant's possession or control which were obtained from, or contain information derived from, any Schwab records, which pertain to Clients, or which relate to any of

the events alleged in the Complaint filed in this action or the Statement of Claim filed in the arbitration;

3. Defendant, and anyone acting or who has acted in concert or participation with him, and any agent, employee, officer or representative of any post-Schwab employer of Defendant, shall provide to Schwab's counsel (a) any and all records or information pertaining to Schwab's Clients or its business (even if such information was recreated utilizing his memory), and (b) any and all records or information obtained by Defendant as a result of being a registered representative of Schwab, whether in original, copied, recreated, handwritten or any other form, and purge any such records and information from their possession, custody, or control, within three business days of notice of the terms of this order; provided, however, that any records and information in computerized or electronic form (including but not limited to personal computers, laptop computers, tablet devices, iPhones, Android phones, mobile telephones and any other device in, or on, which data can be electronically stored) shall first be printed and provided to Schwab's counsel before being promptly deleted.

4. Except as to matters expressly left to the FINRA arbitration panel in the pending FINRA arbitration, the Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction.

5. By agreement of the parties, Defendant agrees to forego an expedited and/or permanent injunctive hearing pursuant to FINRA Rule 13804. Schwab and Defendant further agree that this stipulated permanent injunction constitutes a final order and judgment solely on Schwab's request for permanent injunctive relief. Schwab reserves the right to proceed with a FINRA arbitration seeking non-injunctive relief (*e.g.*, for any type of monetary relief and/or attorneys' fees arising out of any violation of this

injunction. In doing so, Defendant shall comply with the terms of the parties' arbitration agreement, specifically including the discovery provisions set forth in paragraph 13 of Defendant's most recently executed Confidentiality, Nonsolicitation, and Intellectual Property Ownership Agreement.

6.  The Parties Stipulated Permanent Injunction, ECF No. 11-1, complies with the requirements of Federal Rule of Civil Procedure 41(a)(1)(a)(ii). In accordance with the stipulation, this action is dismissed with prejudice.

Dated this 13th day of September, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge